UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Ronnie Lee Hicks II,

    Plaintiff,

 v.

Paul Pastor et al.,

    Defendants.

CASE NO. 3:19-cv-05790-RBL-DWC

ORDER TO SHOW CAUSE

  Plaintiff Ronnie Lee Hicks II, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by November 8, 2019, to cure the deficiencies identified herein.

**BACKGROUND**

  Plaintiff, who is a pre-trial detainee housed at Pierce County Jail, alleges his rights under the Eighth and Fourteenth Amendments were violated when he was denied replacement prescription bi-focal eyeglasses. Dkt. 9.

Plaintiff seeks monetary damages and asks to be transported to his current optometrist for an exam and prescription glasses of his choice. Dkt. 9 at 4.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). In addition, the complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**A. Medical Treatment**

Plaintiff alleges he was denied replacement prescription bi-focal eyeglasses. Dkt. 9. A pretrial detainee's right to adequate medical care arises under the due process clause of the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

With respect to the second element, a medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin,* 974 F.2d at 1059-1060.

Here, Plaintiff alleges he was denied replacement prescription bi-focal glasses and as a result, he saw spots in his vision. Dkt. 9 at 3. Plaintiff alleges he wears two pairs of 2.00 reading glasses at the same time and an additional third pair of 3.25 reading glasses to read and write. Dkt. 9 at 2. However, aside from complaining of spots in his vision, Plaintiff does not allege he suffered from any harm or injury as a result of the lack of replacement prescription bi-focal eyeglasses or the lack of replacement prescription bi-focal eyeglasses affected his daily activities. Therefore, Plaintiff has not alleged facts demonstrating the denial of replacement prescription bi-focal eyeglasses put him at a substantial risk of suffering serious harm. *See Gordon*, 888 F.3d at 1120; *McGuckin,* 974 F.2d at 1059-1060; *Rodriguez v. D'Agostini,* 2018 WL 1256766, at *3 (E.D. Cal. Mar. 12, 2018) (dismissing claim where plaintiff required reading glasses finding the plaintiff had not alleged a serious medical need); *Canell v. Multnomah Cnty.,* 141 F. Supp. 2d 1046, 1057 (D. Or. 2001) (deprivation of reading glasses does not state Eighth Amendment claim) (internal citation omitted); *Morales v. Cal. Forensic Medical Group, Inc.,* 2010 WL 1404762, at *2 (E.D. Cal. Apr. 6, 2010) (dismissing with leave to amend where plaintiff requested glasses for poor vision and noting "an Eighth Amendment claim can be stated if, after confiscation of glasses and subsequent denial of medical treatment, significant consequences result."); *Bernardino v. Sandoval*, 2017 WL 4391705, at *4 (S.D. Cal. Oct. 3, 2017) (dismissing complaint without leave to amend where plaintiff alleged defendants broke his glasses during cell search, but did not allege that his broken glasses significantly affected his daily activities or caused him chronic and substantial pain); *Cf. Colwell v. Bannister,* 763 F.3d 1060, 1066-71 (9th Cir. 2014) (holding blindness in one eye constitutes a serious medical need where the plaintiff's prescription glasses were confiscated and he suffered double vision and loss of depth perception) (citing *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996)).

Plaintiff has not alleged sufficient facts to establish his Fourteenth Amendment rights were violated. If Plaintiff wishes to pursue a such a claim, he must provide an amended complaint showing how the denial of replacement prescription bi-focal eyeglasses constituted a serious medical need in violation of his constitutional rights.

**B. Equal Protection**

Plaintiff alleges another inmate was provided with prescription eyeglasses, and thus, Plaintiff is receiving unequal treatment. Dkt. 4, Dkt. 9. The Court interprets Plaintiff's allegations as equal protection claims under the Fourteenth Amendment.

Generally, "[t]o state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with intent to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). " 'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Navarro v. Block,* 72 F.3d 712, 716 n. 5 (9th Cir. 1995) (quoting *Personnel Adm'r of Mass. v. Feeney,* 442 U.S. 256, 279 (1979)). Some of the evidence that can establish discriminatory intent includes the "historical background of the decision ... particularly if it demonstrates there has been a series of official actions taken for invidious purposes ...." *Id.* at 716 (citation omitted) (internal quotation marks omitted). The mere fact that a facially neutral policy has a "foreseeably disproportionate impact" on a protected group, without more, does not rise to the level of an equal protection violation. *Lee,* 250 F.3d at 687.

Here, aside from Plaintiff's conclusory allegation he has suffered unequal treatment, his Complaint lacks any facts in support of his contention. Plaintiff has not alleged facts showing Defendants intended to discriminate against him or describing how any of the named Defendants personally participated in causing the alleged equal protection violation.

Accordingly, Plaintiff fails to state an equal protection claim under the Fourteenth Amendment. If Plaintiff wishes to pursue an equal protection claim under the Fourteenth Amendment, he must provide an amended complaint with a short, plain statement explaining exactly what actions were taken by an individual Defendant and how each Defendant's actions violated Plaintiff's constitutional rights.

**C. Defendant Pastor and Supervisory Liability**

Plaintiff alleges Defendant Pastor is the Sheriff of Pierce County and responsible for ensuring pre-trial detainees' medical needs are met. Dkt. 9 at 1. Plaintiff alleges Defendant Pastor is responsible for his injuries because he "knows, or should have known, jail medical staff have a blanket policy to refuse to provide pre-trial detainees medically necessary prescription glasses…." Dkt. 9 at 3. To state a claim under 42 U.S.C. § 1983, a plaintiff must show how a defendant caused the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The claim may not be brought on the sole theory that a supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must show the individual defendant participated in or directed the alleged harm or knew of the harm and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

Here, Plaintiff makes no showing that Defendant directly participated in the alleged harm. He states Defendant Pastor "knows[] or should have known" jail staff refused to provide replacement prescription bi-focal eyeglasses, however, he does not explain how Defendant Pastor's actions contributed to the actions of jail medical staff. He merely implies Defendant Pastor is liable for the staff's refusal to provide replacement prescription bi-focal eyeglasses because of Defendant Pastor's supervisory position. A § 1983 claim cannot be based solely on a supervisor's relation to its subordinates. Because of this, Plaintiff has not alleged sufficient facts to support his claim.

If Plaintiff wishes to pursue this § 1983 claim, he must provide a plain statement explaining exactly what Defendant Pastor did or failed to do and how those actions violated Plaintiff's constitutional rights.

**D. Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve the Plaintiff's Complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of

the original Complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County ,*693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before November 8, 2019 the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 8th day of October, 2019.

David W. Christel
United States Magistrate Judge