1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
9                      AT TACOMA

10   RONNIE LEE HICKS, II,

11                  Plaintiff,                 CASE NO. 3:19-CV-5790-RBL-DWC

                                               REPORT AND RECOMMENDATION
12         v.
                                               Noting Date:  March 20, 2020
13   PAUL PASTOR, D. RICCI, B.
     CAMMER,
14
                   Defendants.
15

16

17         The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

18   States Magistrate Judge David W. Christel.  Plaintiff Ronnie Lee Hicks II, proceeding *pro se* and

19   *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending

     before the Court is Defendant Paul Pastor's Motion to Dismiss. [1]  Dkt. 20.
20
           Plaintiff makes only a conclusory allegation of supervisory liability against Defendant
21
     Pastor and has failed to allege any facts establishing Pastor's participation in the alleged
22

23   _____

24   [1] The remaining Defendants, B. Cammer and D. Ricci, waived service on Decmeber 31, 2019 and filed a
     Motion to Dismiss on February 26, 2020.  The Court addresses herein only the claims against Defendant Pastor.

violation of Plaintiff's constitutional rights.  The Court previously informed Plaintiff of these very deficiencies in Plaintiff's original Complaint and explained what Plaintiff must allege to cure them, but Plaintiff has failed to do so.  Accordingly, the Court recommends Defendant Pastor's motion be granted and the allegations against Defendant Pastor be dismissed without leave to amend.

## I.    Background

Plaintiff, a pretrial detainee housed in the Pierce County Jail, alleges Defendants violated his Eighth and Fourteenth Amendment rights to adequate medical care by delaying the replacement of his prescription bifocal eyeglasses.  Dkt. 11.  Plaintiff names as Defendants Pierce County Sheriff Paul Pastor and two jail medical staff members, B. Cammer and D. Ricci.  *Id*. at 13.  Plaintiff alleges he made medical requests for prescription bifocal eyeglasses in June, 2019, which were denied by defendants Ricci and Cammer on the allegedly false ground that the jail does not provide glasses.  *Id*. at 12.  Plaintiff alleges that he received the requested glasses in September, 2019 after raising the issue in his criminal proceedings.  *Id*. at 13.

This Court screened Plaintiff's initial Complaint and declined to serve it; after explaining the deficiencies in the Complaint, the Court permitted Plaintiff to file an Amended Complaint.  Dkt. 10.  With respect to Defendant Pastor, the Court noted the initial Complaint contained no allegation that Defendant Pastor caused the alleged harm.  Dkt. 10 at 6.  The Court instructed Plaintiff he could not rely solely upon Defendant Pastor's supervisory role, but must instead set forth facts showing how Defendant Pastor participated in or directed the alleged harm or knew of the alleged harm and failed to act to prevent it.  Dkt. 10 at 6-7.

Plaintiff filed an Amended Complaint on October 16, 2019, and the Court directed service upon the Defendants.  Dkts. 10, 13.  On December 27, 2019  Defendant Pastor filed his

1    motion to dismiss and served Plaintiff with the motion and a *Rand* notice.  Dkts. 20, 21.  Plaintiff

2    has not filed a response.

3    **II.        Standard of Review**

4           A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be

5    granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right

6    to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

7    Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a

8    cause of action" are not sufficient.  *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th

9    Cir. 2012).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

10    sufficient facts alleged under a cognizable legal theory."  *Ballistreri v. Pacifica Police Dept.,* 901

11    F.2d 696, 699 (9th Cir. 1990).

12           While the Court must accept all the allegations contained in a complaint as true, the Court

13    does not have to accept a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*,

14    556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported

15    by mere conclusory statements, do not suffice."  *Id.*; *see also Jones v. Community Development

16    Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported

17    by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th

18    Cir. 1992).  While the Court is to construe a complaint liberally, such construction "may not

19    supply essential elements of the claim that were not initially pled."  *Pena*, 976 F.2d at 472.

20           Ordinarily, a prisoner should be granted leave to amend to address the deficiencies in his

21    complaint.  *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds

22    WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  However, "district courts are

23    only required to grant leave to amend if a complaint can possibly be saved"; leave to amend is

24

1    not required "if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

2    2000). Moreover, the Court need not grant endless amendments. *Foman v. Davis* 371 U.S. 178,

3    182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by

4    amendments previously allowed"); *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir.

5    2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in

6    deciding subsequent motions to amend is particularly broad." (citation and internal quotation

7    marks omitted)).

8    **III.    Discussion**

9         Plaintiff's Amended Complaint has not remedied the deficiencies in the allegations

10   against Defendant Pastor previously identified by the Court. Plaintiff's sole allegation against

11   Defendant Pastor is Pastor "knows, or should [have] known, that jail staff <u>falsely</u> claim not to

12   provide prescription glasses." Dkt. 11 at 13 (emphasis in original). This allegation fails to allege

13   personal participation in the alleged deprivation of Plaintiff's constitutional rights.

14   A.    *Personal Participation*

15        To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a

16   violation of rights protected by the Constitution or created by federal statute, and (2) the

17   violation was proximately caused by a person acting under color of state law. *See Crumpton v.*

18   *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

19   identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266,

20   271 (1994). Here, Plaintiff alleges violation of a pretrial detainee's right to adequate medical

21   care, for which Defendants can be held liable only if they acted with a state of mind of objective

22   deliberate indifference to Plaintiff's medical need. *Gordon v. Cnty. of Orange*, 888 F.3d 1118,

23   1124-25 (9th Cir. 2018).

24

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Furthermore, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989). A supervisor is only liable for the constitutional violations of his or her subordinates if (1) the supervisor participated in or directed the violations; or (2) knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

Plaintiff's allegation that Defendant Pastor knew or should have known jail personnel falsely claimed eyeglasses were unavailable does not meet this standard. Even though the Court had previously instructed Plaintiff he must do so, Plaintiff's Amended Complaint still provides no explanation of how Defendant Pastor's actions contributed to the actions of jail medical staff or failed to prevent a known harm. Indeed, the Amended Complaint alleges no conduct by Defendant Pastor at all. Dkt. 10 at 7. Plaintiff has not alleged any act, or failure to act, by Defendant Pastor with any causal link to his alleged harm—let alone any action or omission taken with the objective deliberate indifference required to state a claim for denial of adequate medical care. *See Gordon*, 888 F.3d at 1124-25. Absent such a link, Defendant Pastor cannot be held liable for the conduct of

1  the jail's staff. *Taylor*, 880 F.2d at 1045. Plaintiff has failed to state a claim against Defendant

2  Pastor upon which relief can be granted.

3      B.    *Leave to Amend*

4          A prisoner should ordinarily be granted leave to amend to address the deficiencies in his

5  complaint. *McGuckin*, 974 F.2d at 1055. However, the Court previously notified Plaintiff of the

6  same deficiencies in the original Complaint's allegations against Defendant Pastor and permitted

7  Plaintiff to file the Amended Complaint to remedy those defects. Dkts. 10, 11. Because Plaintiff

8  has already had notice of the defects and an opportunity to cure them but failed to do so, the

9  Court recommends the claims be dismissed without leave to amend. *Chodos*, 292 F.3d at 1003.

10  **IV.    Conclusion**

11          For the foregoing reasons, the Court finds Plaintiff has failed to a state claim against

12  Defendant Pastor for which relief can be granted. After having been previously informed of the

13  same deficencies, Plaintiff has failed to cure them. Therefore, the Court recommends the claims

14  against Defendant Pastor be dismissed without leave to amend.

15          Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

16  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

17  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

18  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the

19  time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

20  March 20, 2020, as noted in the caption.

21          Dated this 2nd day of March, 2020.

22

23          _____

            David W. Christel
24          United States Magistrate Judge